IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LENOR H. LAWSON,

                  **Plaintiff,**

     v.                                 1:14-cv-1301-WSD

OCWEN LOAN SERVICING, LLC,
individually, as successor to
LITTON LOAN SERVICING LP,
and as servicer for DEUTSCHE
BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
GSAMP TRUST 2005-NC1,

                  **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Ocwen Loan Servicing, LLC's

("Defendant" or "OLS") Motion to Dismiss [3] Plaintiff Lenor H. Lawson's

("Plaintiff" or "Lawson") Complaint [1.1 at 2-27]. Also before the Court is

Plaintiff's Motion to Remand [7].

## I.    BACKGROUND

On November 17, 2004, Plaintiff obtained a loan in the amount of $216,000,

from New Century Mortgage Corporation ("New Century"). (Compl. ¶ 15).[1]

---

[1]    On November 17, 2004, Plaintiff also obtained a second loan, in the amount
of $54,000, and executed in favor of New Century a second security deed for the

Repayment of the loan was secured by a deed (the "Security Deed") to real property located at 4804 Candy Cove, Lithonia, Georgia (the "Property").  (Id. at ¶¶ 14-15 & Ex. A [1.1 at 30-49]).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to [New Century] and [New Century's] successors and assigns, with power of sale, the [Property]."  (Security Deed at 3).

On November 27, 2004, New Century assigned its rights under the Security Deed ("First Assignment") to "Deutsche Bank National Trust Company as trustee under the Pooling and Servicing Agreement dated February [2] 2005, GSAMP Trust 2005-NC1."  (Compl. ¶ 18 & Ex. B [1.1 at 57-60]).

On September 1, 2011, OLS became Plaintiff's loan servicer.  (Compl. ¶ 11; see also [8.1] at 1).

On January 8, 2013, New Century executed a Corrective Assignment (together with the First Assignment, the "Assignments") to "correct the notary section and the assignees [sic] name, on [the First Assignment]."  (Def's Mot. to Dismiss at Ex. E [3.6]).[3]  The Corrective Assignment states that the assignee is

_____

Property.  (Compl. ¶ 15; see also [1.1 at 50-55]).  This second mortgage is separate from, and subordinate to, the first mortgage at issue in this action.  ([1.1 at 50]).

[2]      The date in this portion of the First Assignment is not legible.

[3]      The Corrective Assignment was filed with the Clerk of the Superior Court of DeKalb County, Georgia.  It is a matter of public record and the Court may consider it.  See Fed. R. Evid. 201(b)(2); (court may take judicial notice of fact not

"Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-NC1" ("Deutsche Bank").

On February 25, 2014, Weissman Nowack Curry & Wilco, P.C. ("WNCW") sent Plaintiff a letter stating that the unpaid balance on her loan is $290,074.99 and that the debt is owed to Deutsche Bank.  (Compl. ¶ 42 & Ex. G [1.1 at 88-89]).

Also on February 25, 2014, WNCW sent Plaintiff a Notice of Foreclosure Sale (the "Notice").  ([1.1 at 90-95]).  The Notice states that, as of May 12, 2011, Plaintiff had defaulted on her loan obligations, that Deutsche Bank will conduct a foreclosure sale of the Property on the first Tuesday in April, 2014, and that Defendant has the full authority to negotiate, amend, and modify all terms of Plaintiff's mortgage.  ([1.1 at 90-95]).  The Notice states that it "is being sent by [WNCW] for OLS, the entity with authority on behalf of [Deutsche Bank]," and that the Notice is being sent to Plaintiff on behalf of [Deutsche Bank] in order to comply with Georgia statutory foreclosure law requirements."  ([1.1 at 94]).

---

subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Mcfarland v. BAC Home Loans Serv., LP, No. 1:11-cv-4061-RWS, 2012 WL 2205566, at *1 n.2 (N.D. Ga. June 14, 2012) (taking judicial notice of public records including security deed filed in state superior court).

On March 31, 2014, Plaintiff, proceeding *pro se*, filed her Complaint in the Superior Court of Gwinnett County, Georgia, asserting a variety of claims against Defendant, her loan servicer, based on perceived defects in the Assignments and the transfer of Plaintiff's mortgage.  Plaintiff asserts claims for: (1) "lack of standing;" (2) fraud in the concealment; (3) fraud in the inducement; (4) slander of title; (5) demand for accounting; and (6) declaratory judgment.

On April 30, 2014, Defendant removed the Gwinnett County Action to this Court based on diversity of citizenship.  (Notice of Removal [1]).  Defendant, a limited liability company, asserts that its sole member is Ocwen Loan Servicing, Inc., a corporation incorporated in, and with its principal place of business in, the U.S. Virgin Islands.  Defendant alleges that it is therefore a citizen of the U.S. Virgin Islands, and that complete diversity exists among the parties because Plaintiff is a citizen of Georgia.  Defendant also asserts that the amount in controversy exceeds $75,000 because Plaintiff challenges Defendant's authority to foreclose on the Property, which is currently valued at $107,600.

On May 7, 2014, Defendant moved to dismiss Plaintiff's Complaint.

On May 29, 2014, Plaintiff filed her Motion to Remand, arguing that complete diversity does not exist because Defendant is a citizen of Georgia. Plaintiff claims that "Defendant is attempting to mislead the Court by using the

address of its parent company, knowing that it filed a Certificate of Authority to Transact Business on May 16, 2002 . . . ."  (Mot. to Remand at 2).

The Court first considers Plaintiff's Motion to Remand.

## II.   DISCUSSION

A.   <u>Plaintiff's Motion to Remand</u>

Defendant removed the Gwinnett County Action to this Court based on diversity of citizenship.  The Court has diversity jurisdiction over an action in which the amount in controversy exceeds $75,000, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).[4]  Plaintiff does not dispute that the amount in controversy exceeds $75,000.  She argues, rather, that complete diversity does not exist because she and Defendant are both Georgia citizens.

Plaintiff claims that "Defendant is attempting to mislead the Court by using the address of its parent company, knowing that it filed a Certificate of Authority to Transact Business on May 16, 2002 . . . ."  (Mot. to Remand at 2).  The Certificate of Authority Plaintiff submits with her Motion to Remand belies Plaintiff's arguments.  The Certificate of Authority to Transact Business is issued by the Georgia Secretary of State to "OCWEN LOAN SERVICING, LLC A

---

[4]    "The word 'States,' as used in [28 U.S.C. § 1332], includes the Territories," such as the U.S. Virgin Islands.  <u>See</u> 28 U.S.C. § 1332(e); 48 U.S.C. § 1541 (declaring the Virgin Islands an "unincorporated territory" of the United States").

*FOREIGN LIMITED LIABILITY COMPANY*."  (Pl's Mot. to Remand [7] at 8)
(emphasis added).

A limited liability company is a citizen of any state of which one of its
members is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings
L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  The sole member of Defendant
Ocwen Loan Servicing, LLC, is Ocwen Loan Servicing, Inc., and thus Defendant's
citizenship for diversity purposes is the citizenship of Ocwen Loan Servicing, Inc.
(See Notice of Removal at ¶ 6).

A corporation is a citizen of its state of incorporation and the state in which
it has its principal place of business.  Rolling Greens, 374 F.3d at 1021 n.1 (citing
28 U.S.C. § 1332(c)(1)).  Defendant asserts that Ocwen Loan Servicing, Inc. is
incorporated in the U.S. Virgin Islands and has its principal place of business in the
U.S. Virgin Islands.  (Notice of Removal at ¶ 6).  Ocwen Loan Servicing, Inc. is
therefore a citizen of the U.S. Virgin Islands.  See Rolling Greens, 374 F.3d at
1021 n.1 (citing 28 U.S.C. § 1332(c)(1)).  Because its sole member is a citizen of
the U.S. Virgin Islands, Defendant Ocwen Loan Servicing, LLC, is also a citizen
of the U.S. Virgin Islands.  See id. at 1022.

To the extent Plaintiff relies on O.C.G.A. § 14-2-510(b) to support that,
because Defendant maintains a registered agent in Gwinnett County, Georgia,

Defendant is a Georgia citizen, Section 14-2-510(b) simply provides the basis for evaluating whether venue is proper, in a proceeding against a corporation or limited liability company, in a state court action.  See O.C.G.A. § 14-2-510(b) (venue for corporation); O.C.G.A. § 14-11-1108 (venue for limited liability company determined the same as for a corporation).[5]  That Defendant, a *foreign limited liability company*, maintains a registered agent in Georgia and is authorized to transact business in Georgia, does not render Defendant a Georgia citizen. Rolling Greens, 374 F.3d at 1022 (limited liability company is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office); cf. Jim Walter Investors v. Empire-Madison, Inc., 401 F. Supp. 425, 426-27 (N.D. Ga. 1975) ("[T]he mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction."); Tremble v. Liberty Mut. Ins. Co., No. CV 106-192, 2007 WL 1582759, at * 2 (S.D. Ga. May 30, 2007) ("The location of a registered agent would only be considered for diversity

---

[5]     Section 14-2-510, entitled "Venue," provides, in pertinent part:
          (b) Each domestic corporation and each foreign corporation
          authorized to transact business in this state shall be deemed to reside
          and to be subject to venue as follows:
           (1) In civil proceedings generally, in the county of this state where
           the corporation maintains its registered office . . . .
O.C.G.A. § 14-2-510(b)(1).

jurisdiction purposes if the principal place of business had to be determined by looking at the 'total activities' of the corporation.") (citing <u>Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead</u>, 162 F.3d 1101, 1106 (11th Cir. 1998)).

Defendant is a citizen of the U.S. Virgin Islands and Plaintiff is a citizen of Georgia.  Complete diversity thus exists among the parties, and it is undisputed that the amount in controversy exceeds $75,000.  The Court therefore has subject-matter jurisdiction over this action based on diversity of citizenship. Plaintiff's Motion to Remand is required to be denied.

B.     Defendant's Motion to Dismiss

1.     Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993)  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  <u>See Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295 (11th Cir. 2007); <u>see also Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)  The Court is not required to accept a

plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly,   550 U.S. at 570.[6]

        To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient

---

[6]     The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard, that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" <u>Tropic Ocean Airways, Inc. v. Floyd</u>, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004); <u>see also</u> <u>White v. Bank of America, NA</u>, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting <u>Oxford Asset Mgmt.</u>, <u>Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)).[7]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>,

---

[7]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555.

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the

Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be

construed liberally, a *pro se* complaint still must state a claim upon which the

Court can grant relief."  <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

"[A] district court does not have license to rewrite a deficient pleading."  <u>Osahar</u>

<u>v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

>          2.     <u>Analysis</u>

>                 a.     "<u>Lack of Standing" (Count I)</u>

The crux of Plaintiff's Complaint is that Defendant lacks standing to

foreclose on the Property.  It is undisputed that Plaintiff executed the Security

Deed and granted to New Century title to the Property, with the power of sale.

(Security Deed at 3).  On November 27, 2004, New Century executed the First

Assignment, which was amended on January 8, 2013, "to correct the notary section

and [Deutsche Bank's] name," and assigned its rights under the Security Deed to

Deutsche Bank.  (First Assignment at 1-2; Corrective Assignment at 1).  Deutsche

Bank is thus entitled to exercise the power of sale in the Security Deed, and

Plaintiff does not argue that Defendant is not authorized to act on Deutsche Bank's behalf.[8]

To the extent Plaintiff argues that the Assignments are "fraudulent," Plaintiff is not a party to the Assignments and she therefore lacks standing to challenge their validity.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery).[9]

---

[8]　O.C.G.A. § 23-2-114 provides that, "[u]nless the instrument creating the power specifically provides to the contrary, a . . . *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, . . .  or other like instrument, or an assignee thereof, *or his personal representative . . .* or successor *may exercise any power therein contained.*"  O.C.G.A. § 23-2-114 (emphasis added).

[9]　Even if she did have standing to challenge them, Plaintiff's argument that the Assignments are "fraudulent" because they were signed by a known "robo signer" has been repeatedly rejected.  See, e.g., Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing Reynolds v. JPMorgan Chase Bank, N.A., No. 5:11-cv-311 (MTT), 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).  To the extent Plaintiff relies on an affidavit from John L. O'Brien, of the Registry of Deeds for Southern Essex District, Massachusetts, which "confirms" that Leticia Arias, who executed the Corrective Assignment, is a known "robo signer," this affidavit does not relate to the Assignments at issue in this case and Plaintiff fails to identify any false statement or defect in the Assignments.  See, e.g., Sutton v. Bank of Am., N.A.,

Plaintiff also argues that the Security Deed is not valid because it was "split" from the note and that Defendant and Deutsche Bank lack standing to foreclose on the Property because they are not the holder of Plaintiff's note.  Variations of these arguments have been repeatedly rejected under Georgia law.  See, e.g., You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law; "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed");

---

2012 WL 2394533, at *5 (N.D. Ga. April 11, 2012) (finding claim that the signatures were fraudulent "is unsupported by facts sufficient under Rule 8(a), and plaintiff has cited no legal authority for the proposition that the assignment is somehow ineffective because of the allegiances or professional responsibilities of the individuals who signed it").

To the extent Plaintiff argues that the First Assignment was not properly executed, the Court notes that it was executed by Magda Villanueva as "A.V.P.\Shipping Manager" of New Century, and contains the signatures of a witness, the corporate seal of New Century, and a notary jurat.  (First Assignment at 2-3).  See O.C.G.A. § 44-14-64 (transfer of security deed shall be witnessed as required for deeds); id. § 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public); id. § 14-5-7(b) (1992) (amended 2011) (providing, when First Assignment was executed, that transfer of security deed signed by corporate officer, including assistant vice president, is conclusive evidence that officer occupies position indicated; officer's signature is genuine; and execution of instrument on behalf of corporation has been duly authorized); Deutsche Bank Nat'l Trust Co. v. JPMorgan Chase Bank, N.A., 704 S.E.2d 820 (Ga. Ct. App. 2010) (under pre-amendment version of O.C.G.A. § 14-5-7(b), security deed executed by assistant vice president valid on its face).

13

<u>Fabre v. Bank of Am., N.A.</u>, 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.").

Plaintiff next contends that the Assignments are not valid because they were not executed in accordance with the Pooling and Servicing Agreement ("PSA") for the trust.  Plaintiff is not a party to the PSA and she thus lacks standing to enforce its terms under Georgia law.  <u>See</u> <u>Edward</u>, 534 F. App'x at 891 (citing <u>Montgomery</u>).  Plaintiff, for the first time in her Response, argues that New York law governs her claim and relies on <u>Wells Fargo Bank, N.A. v. Erobobo</u>, No. 31648, 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013), to support that she has standing to challenge the Assignments and enforce the terms of the PSA. Plaintiff's reliance on <u>Erobobo</u> is misplaced.

The court in <u>Erobobo</u> simply held that, in a judicial foreclosure under New York law, where a plaintiff-trust must prove that it owns the note and mortgage, the plaintiff-trust is not entitled to summary judgment where the assignment occurred in violation of the pooling and servicing agreement.  <u>Erobobo</u> did not address whether a *homeowner* has standing to assert a claim against the trust for violation of the pooling and servicing agreement, and New York courts have consistently held that parties who are not beneficiaries of a trust lack standing to

enforce the trust's terms or to challenge the actions of the trustee.  See, e.g., In re Estate of McManus, 390 N.E.2d 773, 774 (N.Y. 1979) (individuals "not beneficially interested" in a trust lack standing to challenge the trustee's actions); Cashman v. Petrie, 201 N.E.2d 24, 26 (N.Y. 1964) ("A person who might incidentally benefit from the performance of a trust but is not a beneficiary thereof cannot maintain a suit to enforce the trust or to enjoin a breach."); Naversen v. Gaillard, 831 N.Y.S.2d 258, 259 (N.Y. App. Div. 2007) ("The Supreme Court properly determined that since the defendants were not beneficiaries of the [trust], they lacked standing to challenge the actions of the plaintiff as its trustee.").  New York law further provides that, to have standing to challenge a contract, a plaintiff must be a party to, or a third-party beneficiary of, the contract he seeks to challenge.  See, e.g., Decolator, Cohen & DePrisco v. Lysagt, Lysagt & Kramer, P.C., 756 N.Y.S.2d 147 (N.Y. App. Div. 2003); Arrow Louver & Damper Div. of Arrow United Indus., Inc. v. New York City Transit Auth., 482 N.Y.S.2d 844 (N.Y. App. Div. 1984) ("[A]s a stranger to the contracts, plaintiff lacks standing to sue for the enforcement of their provisions, or for a declaration as to their meaning.").  A homeowner who is not a party to the assignment of a mortgage or a pooling and servicing agreement thus lacks standing to challenge the assignment or to enforce the terms of the pooling and servicing agreement under New York law.

See, e.g., Bank of New York Mellon v. Gales, 982 N.Y.S.2d 911, 912 (N.Y.A.D. 2d Dep't 2014) (affirming denial of mortgagor's motion to dismiss foreclosure complaint because they "did not have standing to assert noncompliance with the subject lender's pooling service agreement"); Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 87 (2d Cir. 2014) ("Although noncompliance with PSA provisions might have made the assignments unenforceable at the instance of parties to those agreements, . . . plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries."); id. at 88 (rejecting homeowners' reliance on New York trust law to challenge noncompliance with PSA because, "under New York law, only the intended beneficiary of a private trust may enforce the terms of the trust.") (citing McManus, Chasman, & Naversen).  Plaintiff is not a party to the PSA and she thus lacks standing to assert claims based on perceived violations of its terms.  See Rajamin, 757 F.3d at 87; cf. Edward, 534 F. App'x at 891 (citing Montgomery)).[10]

---

[10]    Even if Plaintiff had standing to challenge the Assignments—which she does not—several courts have rejected Erobobo as contrary to New York law and have interpreted New York Estate Powers & Trusts Law ("EPTL") § 7-2.4 "to mean that a transfer into a trust that violates the terms of a PSA is voidable rather than void."  Rajamin, 757 F.3d at 90 (collecting cases).  In Rajamin, the homeowners asserted that the assignments of their mortgages to the defendant trust were void, and thus the trust did not own their mortgages, because the assignments violated the trust's pooling and servicing agreement.  The Second Circuit stated:

Plaintiff has not, and cannot, assert a viable claim under any legal theory based on Defendant's alleged "lack of standing" to foreclose on the Property. Insofar as Plaintiff's claims for declaratory judgment, fraud, and slander of title are based on perceived defects in the Assignments or Defendant's alleged lack of authority to foreclose on the Property, these claims are required to be dismissed.

---

"Under New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries. . . . and because a void act is not subject to ratification, such an unauthorized act by the trustee is not void but merely *voidable* by the beneficiary." Id. at 88-89 (emphasis added) (citations omitted).  The Second Circuit rejected the homeowners' reliance on Erobobo, finding it "unpersuasive" because it did not address New York authority holding that only a beneficiary of a trust has standing to enforce the terms of the trust or that a beneficiary may ratify otherwise unauthorized acts of the trustee.  Id. at *10; see also Anh Nguyet Tran v. Bank of New York, No. 13 Civ. 580, 2014 WL 1225575, at *5 (S.D. N.Y. Mar. 24, 2014) (Erobobo "run[s] counter to better-reasoned cases, which apply the rule that a beneficiary can ratify a trustee's *ultra vires* act," and "where an act can be ratified, it is voidable rather than void.") (citing Mooney v. Madden, 597 N.Y.S.2d 775, 776 (N.Y. App. Div. 1993) (discussing EPTL § 7-2.4, "[a] trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the . . . beneficiaries consent or ratify the trustee's *ultra vires* act or agreement.")); Halacy v. Wells Fargo Bank, N.A., No. 12-cv-11447-TSH, 2013 WL 6152351 (D. Mass. Nov. 21, 2013) (same); Felder v. Countrywide Home Loans, No. H-13-cv-0282, 2013 WL 6805843 (S.D. Tex. Dec. 20, 2013) (same).

    The Court agrees with the Second Circuit's thorough analysis and finds that, even if Plaintiff had standing to enforce the PSA, the Corrective Assignment is voidable at the election of the beneficiaries of the trust and not, as Plaintiff asserts, void *ab initio*.  See, e.g., Rajamin, 757 F.3d at 90.  Plaintiff does not allege, and the record does not support, that she is a beneficiary of the trust or that the Assignments have not been ratified by the beneficiaries of the trust.  Plaintiff cannot show that Deutsche Bank lacks authority to foreclose on the Property merely because the Assignments allegedly violated the terms of the PSA.

b.   Fraud (Counts II and III)

In Georgia, a plaintiff alleging fraud must establish: (i) a false representation; (ii) scienter; (iii) intent to induce the plaintiff to act or refrain from acting; (iv) justifiable reliance; and (v) damage proximately caused by the representation.  See JarAllah v. Schoen, 531 S.E.2d 778, 780 (Ga. Ct. App. 2000).

Rule 9(b) of the Federal Rules of Civil Procedure further requires that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has consistently held:

> To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Thomas v. Pentagon Federal Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (mortgagor failed to allege facts with sufficient particularity to state fraud claim against mortgagee where he did not identify any specific statements made by mortgagee and failed to identify time and place of an omission, person responsible for making an omission, and what mortgagee obtained as a consequence of fraud); see also Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).

Plaintiff alleges that "Defendant concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements" to induce Plaintiff to enter into the Loan, and "had the truth been disclosed, Plaintiff would not have entered into the Loan." (Compl. ¶¶ 52-56). Plaintiff cannot state a claim for fraud in the concealment against Defendant based on these alleged "misrepresentations" made during the loan origination process because Defendant did not participate in the origination of the loan. Plaintiff's generalized fraud allegations regarding the transfer of her mortgage further fail to identify when these alleged misrepresentations were made or who made them.

To the extent Plaintiff asserts a separate claim for fraud in the inducement, Plaintiff fails to allege that Defendant made any misrepresentation "in order to induce Plaintiff to rely on the misrepresentations and foreclosure [sic] on the Property," because Deutsche Bank, as the holder of the Security Deed, is entitled to foreclose on the Property and Defendant is authorized to act on Deutsche Bank's behalf.[11] Plaintiff has not pled the five elements of fraud with the specificity required under Rule 9 of the Federal Rules of Civil Procedure and she otherwise

---

[11]   Plaintiff fails to support her conclusory assertion that "Defendant misrepresented that it is the "holder and owner" of the Note. (Compl. ¶ 60).

fails to state a claim for fraud under Georgia law.  Plaintiff's fraud claims in

Counts II and III are required to be dismissed.

> c.      Slander of Title (Count IV)

Under Georgia law, "[t]he owner of any estate in lands may bring an action

for libelous or slanderous words which falsely and maliciously impugn his title if

any damage accrues to him therefrom."  O.C.G.A. § 51–9–11.  To support an

action for slander of title, a plaintiff must allege "the uttering and publishing of the

slanderous words; that they were false; that they were malicious; that he sustained

special damage thereby; and that he possessed an estate in the property slandered."

Cornelius v. Bank of Am., N.A., No. 1:12-cv-0585-JEC, 2012 WL 4468746, at *4

(N.D. Ga. Sept. 27, 2012) (quoting Latson v. Boaz, 598 S.E.2d 485, 487

(Ga. 2004)).  A plaintiff who asserts a claim of slander of title can "recover only

such special damages as he actually sustained as a consequence of the alleged

wrongful acts, and he is required to plead them plainly, fully, and distinctly."  Id.

The Court has already found that Plaintiff fails to state a viable claim based

on perceived defects in the Assignments.  Plaintiff further has not asserted that she

suffered special damages as a result of the publication of any allegedly false

statements.  Failure to adequately plead special damages defeats a claim for slander

of title.  See Cornelius, 2012 WL 4468746, at *4 (dismissing slander of title claim

where plaintiff simply claimed millions of dollars in damages without further explanation); Jackman v. Hasty, No. 1:10-cv–2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011) (dismissing slander of title claim for failure to allege special damages); Harmon v. Cunard, 378 S.E.2d 351 (Ga. Ct. App. 1989) (insufficient proof of special damages where no specific figures were offered for the damage allegedly suffered).  Plaintiff's claim for slander of title is required to be dismissed for this additional reason.

> d.    Demand for Accounting (Count V)

Under Georgia law, a party may seek an equitable accounting in "[c]ases where accounts are complicated and intricate."  O.C.G.A. § 23-2-70.  An accounting is generally unnecessary in a breach of contract action where a party may utilize the discovery process and, where necessary, orders of the court to enforce compliance with discovery obligations to determine the full amounts owed under the contract.  See, e.g., Gifford v. Jackson, 154 S.E.2d 224, 225-26 (Ga. 1967) (valid breach of contract action and availability of discovery precludes resort to use of equitable accounting to determine potential damages); Ins. Ctr., Inc. v. Hamilton, 129 S.E.2d 801, 804 (Ga. 1963) (mere necessity of accounting to determine damages for breach of contract insufficient to warrant equitable accounting); Heath v. Sims, 531 S.E.2d 115, 117 (Ga. Ct. App. 2000).

Here, Plaintiff alleges that she "and Defendant are in dispute concerning all the fees and charges assessed to [her] account" and she requests an order "requir[ing] Defendant to provide Plaintiff with an immediate accounting all transaction history relevant to the subject mortgage loan including Credit Default Swap insurance claims."  (Compl ¶¶ 75-76).  Plaintiff does not assert a claim for breach of contract, and, even if she did, her claim arises from a contract that is commonly used by homeowners and that does not present the type of "complicated and intricate" issue that can only be ascertained with an accounting.  Plaintiff fails to show that she is entitled to an accounting and this claim is required to be dismissed.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Lenor H. Lawson's Motion to Remand [7] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [3] is **GRANTED.**

**SO ORDERED** this 2nd day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE